NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

THOMPSON TRANSPORT CO., Inc.,
Respondent.

No. 193–69.

United States Court of Appeals
Tenth Circuit.

Feb. 2, 1970.

Frank H. Itkin, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Morton Rosenberg, Washington, D. C., with him on the brief), for petitioner.

William G. Haynes, of Eidson, Lewis, Porter, Fisher & Haynes, Topeka, Kan., for respondent.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions this court under section 10(e) of the National Labor Relations Act for enforcement of an order directed against Thompson Transport Co., Inc.

The Board found that the company violated section 8(a) (3) of the Act by threatening to discharge and by discharging an employee because of his union activities. The Board also found a violation of section 8(a) (1) of the Act.

The record shows that a Teamsters Local Union won a Board-conducted representation election, and was certified as the collective bargaining representative of a unit consisting of all of respondent's drivers, mechanics, and parts girls. The respondent and the union were unable to negotiate a contract and a strike ensued.

The discharged employee in question, Losson ·J. Swanner, was a picket captain during the strike and was also a union steward. He had been employed about five years. The company gave four reasons for his discharge: damaging the bumper of the truck he was driving,

calling an unauthorized strike, taking excessive time for lunch and breaks, and purchasing a tire repair without prior approval.

Basing its findings on statements made by the president of the respondent company and two other management employees, the Board found that the company discharged employee Swanner because of his union activities.

 In cases of this nature the scope of review by this court is, of course, very limited under the Labor Act. "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole [are] conclusive." Section 10(e), National Labor Relations Act. The prevailing authority also is that the credibility of the witnesses and the inferences to be drawn from the evidence are primarily for the determination of the Board. NLRB v. St. Clair Lime Co., 315 F.2d 224 (10th Cir.); Cain's Coffee Co. v. NLRB, 404 F.2d 1172 (10th Cir.); Pacific Intermountain Express Co. v. NLRB, 412 F.2d 1 (10th Cir.).

There is in this record substantial evidence to support the Board's findings and under the Act the order of the Board will be enforced.

The respondent raises one other issue involving the findings relative to the violation of section 8(a) (1) of the Act. In its complaint the Board did not allege a section 8(a) (1) violation, but during the proceedings before the trial examiner evidence was introduced relating to an incident which, if established, would constitute such a violation. This evidence was allowed over the objection of the company. At the end of the proceedings before the trial examiner the Board moved to conform the pleadings to the proof and urged a section 8(a) (1) finding. The trial examiner made such a finding and the Board adopted it.

The respondent here argues that the Board was precluded from making an additional unfair labor practice finding because the complaint did not specifically allege such a violation. It is well established, however, that a material issue which has been fairly tried by the parties may be decided by the Board regardless of whether it has been specifically pleaded. NLRB v. United Nuclear Corp., 381 F.2d 972 (10th Cir.); Associated Home Builders of Greater East Bay, Inc. v. NLRB, 352 F.2d 745 (9th Cir.). The findings of the Board with respect to section 8(a) (1) were properly made, are also supported by substantial evidence, and will be enforced.

The Board will submit a proposed form of order.